## Case No. 11,485.

PUTNAM v. WEATHERBEE et al.

[2 Ban. & A. 78; Holmes, 497; 8 O. G. 320.] 1

Circuit Court, D. Massachusetts. May, 1875.

PATENTS—BOTTLE-STOPPER FASTENERS—ANTICIPATION.

An invention of an improvement in bottle-stopper fastenings, consisting of a U-shaped movable wire fastener extending over the top of the stopper, and connected with another wire surrounding the neck of the bottle; held, not anticipated by a previously patented U-shaped movable fastener made of sheet metal extending over the stopper and connected with a sheet-metal strap around the neck of the bottle; it appearing that the wire fastener possessed great practical advantages over the other, and that the result accomplished by it was different, in that the wire fastener became imbedded in the cork by pressure from within the bottle, and yet could be pushed from over the cork without injury to the thumbs of the operator or to the cork.

[This was a suit in equity, brought against Ephraim D. Weatherbee and others for an alleged infringement of reissued letters patent No. 23,263, granted to Henry W. Putnam, January 19, 1864, for an "improvement in bottle-stopper fastenings." The invention will

1 [Reported by Hubert A. Banning, Esq., and Henry Arden. Esq., and by Jabez S. Holmes. Esq., and here compiled and reprinted by permission.]

be found illustrated in the reported case of Putnam v. Hickey [Case No. 11,480]. The present suit came up on a motion for a preliminary injunction. Although the suit was pending in the Massachusetts district, the motion was heard by the circuit judge while sitting at Portland in July, 1874.] [2]

W. H. Clifford and Thomas H. Dodge, for complainant.

Benj. F. Thurston, for defendants.

SHEPLEY, Circuit Judge. [2] [In the view which I take of the first claim of this patent, which is: "Forming the fastener at the part that comes over the cork of a piece of wire of a U form, with the ends returned and connected to the bottle, in order that the pressure on the cork or stopper may cause the fastener to hold more securely, as specified,"—considering it in connection with the specification in the patent, it is not necessary that the wire which forms the U should be returned upon itself in a direction directly the reverse of that in which it is before the turn; but it is a sufficient compliance with the first claim of the patent, if the wire, instead of being returned in a reverse direction from that which it had before, is returned at right angles, or approximately so, so as to be connected with the wire which encircles the neck of the bottle in the manner specified in the patent. In the construction which I give to this first claim there can be no question that the defendants' contrivance is an infringement. The only question, therefore, for consideration, is whether the first claim of this patent be or not a valid claim; and that question is one of significance, principally in its relation to the Allender contrivance. The Allender contrivance was considered by the commissioner of patents when this patent was granted. The disclaimer of the patentee clearly has reference to a contrivance like the Allender contrivance; and, taking that into consideration, the patent office granted the patent. It has since been sustained by the adjudications of several of the federal courts, it has been in existence a long time, and it has been renewed by the patent office after the expiration of the original term. Under these circumstances, I think this is a clear case, in which the patentee is entitled to the presumption, prima facie, which his patent gives, aided as it is by the long enjoyment and by the adjudications of the courts, and is entitled to protection by a preliminary injunction. In the construction which I give of the claim, the only defence which could be maintained would be to destroy the validity of the plaintiff's patent; and I think, when the patent has been in existence so long, has been renewed after a contest, and has been adjudicated in favor of the patentee by the courts, he is entitled to the benefit of it, until the adjudication of some

tribunal shall decide that this patent is invalid. This case is pending in the Massachusetts district, and when the court is in session there, the order for a preliminary injunction will be issued. I do not express any opinion as to the question which has been presented in the hearing on this case, as to the validity of the issue of this patent, with reference to the existence of the Allender contrivance; but, as I have before said, I think the position in which the patent stands entitles the patentee, upon well established principles, to the benefit of the legal presumption in his favor until that question is decided.

[Subsequently the suit came on for final hearing before Judge SHEPLEY. The following is the opinion of the court at final hearing:] [2]

This invention is more particularly applicable to fasteners for the corks or stoppers of bottles for aerated waters. These bottles are generally filled under a pressure of two or three atmospheres, for the purpose of holding in solution the carbonic acid gas with which the liquid is charged. The corks are forced down by the plunger of the bottling-machine; and it is desirable to have a stopper-fastening which can be turned over the cork while the cork is under the plunger; which shall hold the cork securely against the pressure tending to force it out, and to "trip" the fastener after the plunger is withdrawn; which can be withdrawn in one direction from over the stopper when desired, and left in good condition for future use. The nature of the complainant's invention is stated by him to consist "in forming the fastener of wire, bent in such a manner that if the pressure upon the cork is sufficient to bind said wire-fastener it will retain the cork more firmly, and the cork required to be pushed in before the fastener can be pushed aside, thus causing the pressure to render the fastening more secure instead of more liable to failure."

In view of the state of the art as disclosed in the evidence, I find nothing in the previous inventions relied upon as anticipating the complainant's invention which requires any extended statement, as, if the invention of Putnam was anticipated, it must have been by the invention described in the letters patent (No. 13.338), granted to John Allender, July 24, 1855—the bottle-stopper fastener of Allender most nearly approximating that of Putnam.

The Allender fastener, at first glance, appears to embody nearly every substantial characteristic of the first claim in the Putnam patent. Like the Putnam, it is intended and adapted for use in bottles to be filled with aerated liquids by means of a bottling-machine. It has a hinged bail or yoke of U form, to allow room for the cork-forcing

plunger of the bottling-machine, and to allow the fastener to be applied while the plunger is holding down the cork. Like the Putnam, it is adapted to be used with successive corks, and is a permanent fastener. Putnam appears to have been aware of the existence of the Allender patent, for he disclaims "a fastener made of sheet metal with a U-shaped opening to pass the plunger;" which disclaimer was clearly intended to apply to Allender's device. The commissioner of patents, in granting the Putnam patent, and also in extending it when the extension was opposed, must have been satisfied that the use of the U-shaped wire yoke or bail in the Putnam fastener, with its ends returned and hinged upon the wire surrounding the neck of the bottle, contained something more than the mere substitution of the wire U-shaped yoke in the Putnam, for the sheet-metal U-shaped yoke in the Allender. fastener. The mere substitution of one known material for another in a known combination is not the subject of letters patent, though such substituted material is a cheaper or better one for the purpose. Bean v. Smallwood [Case No. 1,173]; Hotchkiss v. Greenwood, 11 How. [52 U. S.] 248; Stimpson v. Woodman, 10 Wall. [77 U. S.] 121. Of late, great care has been exercised at the patent office, and the recent very intelligent decisions in the patent office, refusing to issue patents where there has been only the exercise of taste and good judgment, without invention, in the substitution of one material for another in a known combination, require the courts to give to the decisions of the office a most respectful consideration. I think it appears, from the evidence in this case, that there are not only great practical advantages in the use of a wire bail over the sheet-metal fastener, but that the result claimed by the patentee, and aimed at in his invention, of imbedding the wire in the cork under pressure from within the bottle, so that it is impossible to swing the fastener to the left without first pressing the cork downwards, thus preventing the fastener from tripping, while at the same time it presents a change of form (the convenient form of the Putnam fastener allowing it to be pressed off or aside from the cork without injury to the thumbs of the operator or to the cork itself), presents a patentable difference, and not such a mere substitution of one material for another as would exist in the case of the substitution of wire of one metal for wire formed of a different metal, in the same form of fastener. It is not always easy to draw the line of distinction between the embodiment of invention and the mere exercise of judgment and mechanical skill, and not without some hesitation have I reached the conclusion that there is sufficient invention in this case to sustain the first claim of the patent, in view of the state of the art as existing at the time of the Putnam patent.

The only remaining question, is, as to infringement. Construing the patent, as I do, that the return of the wire from the U does not mean necessarily a retroversion of the wire in the same direction, and then a bending down at right angles or nearly so, towards the neck of the bottle, but is sufficiently answered by a return at right angles, or nearly so, towards the neck of the bottle, the infringement in this case is clear.

The defendants' fastener has the wire returned so that the direction and result of the strain between the neck of the bottle, and the surrounding wire, and the U-formed fastener is the same as in the Putnam device.

Decree that defendants infringe the first claim of complainant's patent, and for injunction and account.

[For other cases involving this patent, see note to Putnam v. Hickey, Case No. 11,480.]